## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

CHRIS WANKEN,

          **Plaintiff,**

v.                                       **Civil Action No. 3:12-CV-2107-G-BK**

DWIGHT WANKEN,

          **Defendant.**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been assigned to the Court for pretrial management.  The cause is now before the Court for a recommendation on Defendant's *Motion to Dismiss*.  (Doc. 9).  For the reasons that follow, the Court recommends that the *Motion to Dismiss* be **DENIED**.

## BACKGROUND

Plaintiff filed this *pro se* action in July 2012 against Defendant, his father, asserting claims under the Fair Labor Standards Act ("FLSA"), the Employee Retirement Income Security Act ("ERISA"), and the Internal Revenue Code.  (Doc. 3 at 2, 9-13).  By way of background, Plaintiff alleges that he and Defendant had verbally agreed to operate a financial services firm as partners, but Defendant ultimately terminated Plaintiff's financial services license in March 2008.  *Id.* at 2-3, 5.  Plaintiff states that he had filed an action in state court against Defendant for breach of contract, and Defendant moved to compel arbitration.  The case was arbitrated before the Financial Industry Regulatory Authority ("FINRA") and ultimately resolved unfavorably to Plaintiff when Defendant testified that Plaintiff was not his partner, but was merely a low-level administrative employee ("*Wanken I*").  *Id.* at 5-8.

In his instant FLSA claim, Plaintiff asserts that he regularly worked over 40 hours per week, but Defendant did not pay him the overtime compensation required if Plaintiff was truly his employee.  (Doc. 3 at 9-10).  Plaintiff also alleges that Defendant violated multiple provisions of ERISA with regard to how Defendant "classified" him, and Defendant never made mandatory contributions to a qualified retirement plan for Plaintiff.  *Id*. at 11.  Finally, Plaintiff claims that Defendant violated the Internal Revenue Code in order to evade paying employment taxes and forced Plaintiff to pay self-employment taxes that Defendant should have paid.  *Id*. at 11-13. Defendant now moves to dismiss.  (Doc. 9).

The appendix Defendant filed in support of his dismissal motion indicates that Plaintiff filed his state court action against Defendant in June 2008 alleging, among other things, that Defendant had breached the parties' oral partnership agreement, libeled Plaintiff, and converted partnership assets to Defendant's own use.  (Doc. 10-2 at 1-9).  The state court stayed the case and granted Defendant's motion to compel arbitration.  (Doc. 10-3).

Following a four-day hearing, an arbitration panel essentially ruled in Defendant's favor, and Plaintiff then moved in federal district court to modify or vacate that decision pursuant to section 9 of the Federal Arbitration Act.  (Doc. 10-5 at 2-4).  Upon recommendation from the magistrate judge, District Judge Kinkeade affirmed the arbitration decision.  (Doc. 10-5 at 9, 12). That decision was affirmed by the Court of Appeals for the Fifth Circuit, and the United States Supreme Court denied *certiorari*.  (Doc. 10-6 at 1-7; Doc. 10-10).  The district judge also denied Plaintiff's two post-judgment motions for reconsideration on the merits.  (Doc. 10-8; Case No. 3:10-CV-00556-K-BD, Doc. 60).

**PARTIES' ARGUMENTS**

Defendant urges that the claims in Plaintiff's instant complaint ("*Wanken II*") are barred by res judicata and collateral estoppel because they arise out of the same transaction from which the *Wanken I* judgment arose, namely Plaintiff's termination in March 2008.  (Doc. 9 at 5-10).

In response to Defendant's *Motion to Dismiss*, Plaintiff argues that he did not learn of the facts underlying *Wanken II* until Defendant's testimony at the arbitration hearing in *Wanken I*.  (Doc. 14 at 4).  He maintains that the instant case does not involve the same parties, facts or statutes and is thus not precluded by either res judicata or collateral estoppel.  (*Id.* at 5; Doc. 17 at 10, 15).  Plaintiff asserts that he did not argue that he was Defendant's employee in *Wanken I* and instead contended that he was Defendant's partner.  (Doc. 17 at 7-8, 10).  Plaintiff points out that his present complaint is based on his position that Defendant intentionally misclassified him as an independent contractor while treating him as an employee and thereby deprived him of various employee benefits.  *Id.* at 8, 12, 15.  Plaintiff urges that he could not have made this argument in *Wanken I* because Defendant did not claim that Plaintiff was his employee until Defendant testified at the arbitration hearing.  *Id.* at 8-10.  At that point, Plaintiff claims, he then needed to file requests with the IRS and Texas Workforce Commission to determine his tax status.  *Id.* at 9, 11.  Plaintiff also asserts that the state court and FINRA did not, nor could they have, decided the claims he now asserts involving federal taxation, revenue, and employee benefits issues.  *Id.* at 10, 12-14.

**APPLICABLE LAW**

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim.  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).  A motion to dismiss for lack of

subject matter jurisdiction under Rule 12(b)(1) is either (1) a "facial" attack complaining that the allegations in the complaint are insufficient to invoke federal jurisdiction or (2) a "factual" attack in which the facts in the complaint that form the basis for subject matter jurisdiction are challenged. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a "facial" attack, the allegations in the complaint are taken as true. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). In a "factual" attack, the Court may consider outside evidence relevant to the determination of jurisdiction. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). In addressing a factual attack on subject matter jurisdiction, the Court may look to the following sources: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of proof when the Court considers a Rule 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Before considering whether res judicata or collateral estoppel bars Plaintiff's lawsuit, the Court must first determine whether federal or Texas preclusion law applies. *Wanken I* raised only state law claims, but the arbitration award ultimately was confirmed in federal district court. *See* Dist. Ct. Case No. 3:10-CV-00556-K-BD at Doc. 7-2 at 2 (FINRA decision, noting that any party wishing to challenge the award must move to vacate it in federal or state court pursuant to either the Federal Arbitration Act or state statute). Indeed, the district court confirmed the award under the auspices of the Federal Arbitration Act. *See id.*, Doc. 39 at 4 (magistrate judge's recommendation discussing the applicability of the Federal Arbitration Act); *see also Miller Brewing Co. v. Ft. Worth Distributing Co.*, 781 F.2d 494, 498-99 (5th Cir. 1986) (stating that the Federal Arbitration Act, 9 U.S.C. § 9, contemplates that awards made in arbitration proceedings

will be confirmed in the federal courts).  It is thus the federal district court's confirmation of the

arbitration award, not the FINRA arbitration decision, that this Court will review to determine

whether the instant case is barred by preclusion principles.  *See McDonald v. City of West*

*Branch*, 466 U.S. 284, 287 (1984) (holding that preclusive effect need not be given to an

unreviewed arbitration award because arbitration cannot provide an adequate substitute for a

judicial proceeding to protect federal statutory and constitutional rights); *Kremer v. Chemical*

*Constr. Corp.*, 456 U.S. 461, 477 (1982) (stating that arbitration decisions are not subject to the

preclusive effect of the Full Faith and Credit Clause).

  Federal law applies when a federal court determines the preclusive effect of a prior

federal court judgment based on federal jurisdiction.  *Aerojet-Gen. Corp. v. Askew*, 511 F.2d

710, 715 (5th Cir. 1975) ("Federal law clearly governs the question whether a prior federal court

judgment based on federal question jurisdiction is res judicata in a case also brought, as this one

was, under federal question jurisdiction."); *see also Semtek Int'l, Inc. v. Lockheed Martin Corp.*,

531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the res

judicata effect of a federal judgment is determined by federal common law).  Accordingly, the

Court will apply federal res judicata and collateral estoppel principles, rather than Texas

preclusion law, to determine whether Plaintiff's claims are barred by either of those doctrines.

  To establish that a claim is barred by federal principles of res judicata: "(1) the parties

must be identical in the two actions; (2) the prior judgment must have been rendered by a court

of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same

claim or cause of action must be involved in both cases."  *In re Ark-La-Tex Timber Co.*, 482 F.3d

319, 330 (5th Cir. 2007).  To determine whether the same claim or cause of action was involved,

the Court applies the transactional test.  *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010).  Under

that test, "[t]he critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (citation and emphasis omitted).  The preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id.* at 395.  Whether a factual grouping constitutes a "transaction" and a grouping constitutes a "series" is determined pragmatically, with the court considering "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding." *Id.*

In *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, Louisiana, Inc.*, 37 F.3d 193, 196 (5th Cir. 1994), the appellate court ruled that a prior judgment did not bar a later action for liability under that judgment even though the defendant in the second action also had been a defendant in the first action.  There, St. Jude Hospital ("SJH") was one of several defendants in an earlier action by the plaintiff in which liability was imposed against the limited partnership of which SJH was the general partner.  *Id.* at 194.  The plaintiff then filed a second action against SJH for its secondary liability, as general partner, for the judgment against the partnership.  *Id.*  SJH asserted *res judicata*, arguing that because it was a defendant in the first action, the plaintiff had to assert its secondary liability claim then.  *Id.*  The Court of Appeals for the Fifth Circuit found that the second SJH case did not involve obligations which were identical to those litigated in the first case.  *Id.* at 197 n.9.  The court noted that SJH did not have to relitigate issues from the first case, and any repetition of effort common to both actions would be *de minimis.  Id.*

Res judicata also prohibits a party from raising any claim in a later action that *could have been raised* in the prior action.  *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).  A

prior judgment cannot preclude a subsequent suit where the later cause of action arises only after

the entry of the original judgment.  *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328

(1955); *Chapman v. Crane*, 123 U.S. 540, 548 (1887) (judicial "decree is a bar to the cause of

action upon which it was based, but not to a different cause of action arising afterwards"); *Sid

Richardson Carbon & Gasoline Co. v. Interenergy*, 99 F.3d 746, 756 (5th Cir. 1996) (holding

that a claim that has not yet accrued is not ripe for adjudication and, hence, could not have been

litigated in a previous lawsuit).

To establish collateral estoppel, one must show that (1) the issue at stake is identical to

the one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation;

and (3) the determination of the issue in the first litigation was a critical and necessary part of the

judgment in that earlier action.  *Wehling v. Columbia Broadcasting Sys.*, 721 F.2d 506, 508 (5th

Cir. 1983).

## ANALYSIS

In the instant case, three of the four res judicata elements are not in dispute.  Namely, the

parties to both *Wanken I* and *Wanken II* are identical, the prior judgment was rendered by a court

of competent jurisdiction, and the case was adjudicated on the merits.  *Ark-La-Tex*, 482 F.3d at

330.  Thus, the only remaining question is whether the same cause of action was involved in

*Wanken I* as is involved here.  *Id.*  In other words, are both cases based on the same nucleus of

operative facts?  *Petro-Hunt*, 365 F.3d at 396.  If the answer to that question is "yes," then the

res judicata bar would seem to prohibit Plaintiff from raising any claim now that he could have

raised in *Wanken I*.  *Shanbaum*, 10 F.3d at 310.

Applying this jurisprudence to the case at hand, the Court finds that *Wanken I* and

*Wanken II* are not based on the same nucleus of operative facts.  The central fact in dispute in

*Wanken I* was whether Plaintiff was Defendant's employee (as Defendant argued) or partner (as Plaintiff argued). Plaintiff lost that dispute when the arbitrators ruled in Defendant's favor, implicitly finding that Plaintiff was Defendant's employee. *See* Doc. 10-5 at 4-5 (magistrate's finding in *Wanken I* that Plaintiff was contesting arbitration panel's credibility finding about the nature of the parties' professional relationship, the duties Plaintiff performed, and his role in the family business); Doc. 10-6 at 4 (Fifth Circuit opinion noting that the issue during the arbitration was whether Plaintiff was a partner at the financial services offices, and the arbitration panel had agreed with Defendant's testimony that Plaintiff was not a partner).

In the present case, Plaintiff has sued Defendant in his capacity as Plaintiff's employer for actions that he alleges Defendant took against him in that role. Those employment-based actions bear no relationship to the claims that Plaintiff brought against Defendant in *Wanken I* for conversion, breach of a partnership agreement, and libel. The current employment-based actions are not a part of the same transaction or a series of connected transactions arising from *Wanken I*. *Petro-Hunt, L.L.C.*, 365 F.3d at 395. While the facts in *Wanken I* and *Wanken II* are related in time, space, and origin, the motivation underlying Defendant's alleged actions in each case is likely vastly different given the different statutory schemes that underlay the causes of action. *Id.* Moreover, *Wanken I* and *Wanken II* would hardly "form a convenient trial unit" because Plaintiff could not argue that he was Defendant's business partner for purposes of part of his action, and then argue that he was an employee as needed to maintain the balance of his claims. *Id.*

Indeed, Plaintiff could not have filed the present action until the arbitration panel ruled that he was Defendant's employee because he heavily contested that issue throughout *Wanken I*. *Lawlor*, 349 U.S. at 328; *Sid Richardson*, 99 F.3d at 756. Plaintiff's current case depends on the

opposite proposition – his status as an "employee" – for he cannot maintain a FLSA or ERISA claim without such status.  In sum, the instant causes of action Plaintiff brings are based on both different legal theories and different facts than *Wanken I*.  The parties will not likely have to relitigate any issues from *Wanken I*, and any repetition of effort common to both actions will be *de minimis*.  *Travelers Ins.*, 37 F.3d at 197 n.9.  Plaintiff could not have raised the issues in both *Wanken I* and *Wanken II* simultaneously and likely could not have raised the instant claims until *Wanken I* was resolved.  *Lawlor*, 349 U.S. at 328; *Petro-Hunt*, 365 F.3d at 395.  Accordingly, Defendant is not entitled to dismissal of the present case for lack of subject matter jurisdiction on the basis of res judicata.

Defendant's request for dismissal based on collateral estoppel fares no better.  Based on the above discussion, it is obvious that the issues at stake in *Wanken I* and *Wanken II* were not identical , nor were the issues in *Wanken II* actually litigated in the earlier action.  *See Wehling*, 721 F.2d at 508.  Thus, collateral estoppel does not provide a basis for the dismissal of Plaintiff's claims either.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion to Dismiss* be **DENIED**.  (Doc. 9).

**SO RECOMMENDED** on October 29, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

### INSTRUCTIONS FOR SERVICE AND
### <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE